### Petition of DONG CHONG.

(District Court, W. D. Washington, S. D.   March 1, 1923.)

No. 1256.

**Aliens ⬤⟝65—Subject of China, honorably discharged from American military service, not entitled to become citizen.**

    A subject of China, who volunteered for and was inducted into the American army in 1917, and was honorably discharged in April, 1919, is not entitled to become a citizen, as Act June 29, 1906 (Comp. St. § 4351 et seq.), authorizing the admission to citizenship of persons owing allegiance to the United States, did not repeal or modify Rev. St. § 2169 (Comp. St. § 4358), restricting the right of naturalization to free white persons and persons of African descent.

In the matter of the petition of Dong Chong to become a citizen of the United States. On motion to dismiss the petition. Motion allowed.

John Speed Smith, Chief Naturalization Examiner, and R. W. Thomas, Asst. Chief Naturalization Examiner, both of Seattle, Wash., for the United States.

Guy Kelly, of Tacoma, Wash., for petitioner.

CUSHMAN, District Judge. Upon the motion of the examiner to dismiss the petition, it was, by counsel for the petitioner and the examiner, stipulated that the petitioner, Dong Chong, is a subject of China, of Chinese nationality, a member of the Mongolian race, born in China, and it was shown that he, upon volunteering, was inducted into the American National Army in 1917, under circumstances particularly creditable to him, and that he was honorably discharged therefrom in April, 1919.

It has recently been decided by the Supreme Court (Takao Ozawa v. U. S., 260 U. S. 178, 43 Sup. Ct. 65, 67 L. Ed. ——, decided November 13, 1922) that the Act of June 29, 1906 (34 Stat. p. 596; Comp. Stats. § 4351 et seq.), did not repeal or modify section 2169, R. S. (section 4358, Comp. Stats.) that under section 2169, R. S., free white persons, aliens of African nativity, and persons of African descent, alone, were eligible to citizenship; that, therefore, the petitioner in that case, a person of the Japanese race, born in Japan, was not eligible to citizenship; that, in a number of statutes, the general requirements for naturalization have been modified as to particular classes of persons, but no intention on the part of Congress had been shown to exempt any from the prerequisite of racial eligibility.

In the foregoing case, the Supreme Court expressly approved the decision in the matter of the Petition of Easurk Emsen Charr (D. C.) 273 Fed. 207, wherein a native of Korea, owing allegiance to and a subject of the mikado of Japan, who had served in the United States army from April to December, 1918, and who had received an honorable discharge from such service, was held ineligible to citizenship under the Act of May 9, 1918 (40 Stat. 542), amending the Act of June 29, 1906 (34 Stat. 596) § 4, subd. 7 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4352 [7]), the Act of July 19, 1919 (41 Stat. 222), the Act of May 6, 1882 (22 Stat. p. 61, § 14; Comp. Stats. § 4359), and the Act of February 18, 1875 (18 Stat. 318), amending the Act of July 14, 1870, 16 Stat. 256 (section 2169, R. S.; Comp. Stats. § 4358).

The motion of the examiner to dismiss the petition is allowed.